# Exhibit A

🔥 **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2022RCSC00015**
**MONIQUE WALKER**
**JAN 07, 2022 12:03 PM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY

STATE OF GEORGIA

PATSEY THOMAS )
)
Plaintiff, )          Civil Action File No. _____
)
v. )
)
REGAL CINEMAS, INC. and )
REGAL ENTERTAINMENT GROUP, )
)
)
Defendants. )

## COMPLAINT

COMES NOW Plaintiff Patsey Thomas (hereinafter "Plaintiff" and files this Complaint for Damages and Demand for Jury Trial, seeking the recovery of damages against Defendants and showing this Honorable Court the following:

1.

This is a personal injury, tort action arising from an incident that occurred at the Regal Cinemas, located at 1144 Agerton Lane, Augusta, Georgia 30909, Richmond County, Georgia, on January 18, 2020, which incident proximately resulted in serious personal injuries and damages to Plaintiff, as described in greater detail below.

### PARTIES, VENUE, JURISDICTION, AND SERVICE OF PROCESS

2.

Plaintiff is a citizen of the State of Georgia and she submits herself to the venue and jurisdiction of this Court.

3.

Regal Cinemas Inc, or Regal Entertainment Group (hereinafter "Defendants") is
a for-profit, foreign corporation authorized to transact business in the State of Georgia, with its
principal office address located at 101 E. Blount Avenue, Knoxville, Tennessee,
37920. Regal Cinemas, Inc. or Regal Entertainment Group is the entity that owned, operated,
and/or managed the Regal Cinema located at 1144 Agerton Lane, Augusta, Georgia 30909,
Richmond County, Georgia, on and before January 18, 2020. Regal may be served with process
by delivery of a Summons and this Complaint to the company's registered agent for service of
process, CT Corporation System, at its registered address for service of process, located at 289
South Culver Street, Lawrenceville, Gwinett County, Georgia 30046. Defendants Regal are
proper parties to this action and venue is proper as to it in this Court.

4.

The Defendants are joint tortfeasors.

5.

Jurisdiction and venue are proper in this Court as to both Defendants.

## BACKGROUND & FACTS

6.

On January 18, 2020, Plaintiff, was a customer at, and invitee of, the Regal Cinema
located at 1144 Agerton Lane, Augusta, Georgia 30909, Richmond County, Georgia 4223
Washington Road, in Augusta, Richmond County, Georgia.

7.

After arriving in the parking lot, Plaintiff walked into Regal Cinemas, which was
open during regular business hours.

8.

After walking into the Cinema, despite exercising care for her own safety and otherwise acting reasonably and prudently, Plaintiff tripped and fell over a partially reclined Cinema chair that was protruding into, and obstructing the isle. Plaintiff did not see the chair prior to her fall due to indadequate lighting in the area. As a result of her fall, Plaintiff struck her knee, and other parts of her body resulting in serious injuries.

9.

On January 18, 2020, the floor and isle of the theater area where Plaintiff fell was hazardous and dangerous. These conditions were not appreciable to customers such as Plaintiff, who were attempting to walk through the Regal Cinema to their seat.

10.

On January 18, 2020, prior to Plaintiff's fall, there were no acceptable and prudent methods utilized by the Defendant to warn customers walking through the isle area where Plaintiff fell that the chairs were protruding in the area in the darkness and the area dangerous.

11.

As a result of the foregoing conditions then-existing at the Regal Cinema, and despite exercising care for her own personal safety, Plaintiff fell down to the ground, seriously injuring her knee, hip, and other parts of her body.

12.

Plaintiff required medical treatment due to her injuries sustained as a result of the fall.

13.

Defendants, by and through their officers and employees, knew or should have known that the chairs were not secured where Plaintiff fell.

14.

Defendants failed to properly hire, train, and/or supervise the employees who failed to keep the floor area and seating where Plaintiff fell safe and who knew or should have known that the floor area where Plaintiff fell was obstructed and dangerous.

15.

Defendants, by and through its officers and employees, knew or should have known that the floor in and around the area where Plaintiff fell lacked adequate warnings and safeguards to alert customers to then-existing dangerous conditions.

16.

Defendant Wong knew or should have known that the floor area where Plaintiff fell lacked adequate warnings, safeguards, and lighting to alert customers to then-existing dangerous conditions.

17.

Based on the foregoing facts and others expected to be revealed in discovery, the floor area where Plaintiff fell was a hazardous and dangerous condition at the time of the subject incident. These conditions presented a known, foreseeable risk of harm to customers like Plaintiff, were a proximate cause of Plaintiff's fall, and resulted in injuries for which Defendants are liable.

18.

Based on all of the foregoing facts, Defendants are liable to Plaintiff for all

compensatory and general damages recoverable under Georgia law, including but not limited to:
past and future medical bills and expenses, past and future physical pain and suffering, past and
future fright, shock, terror, anxiety, pain and/or mental or psychological suffering, disfigurement,
and loss of full capacity to enjoy life.

**COUNT ONE**
**COMMON LAW NEGLIGENCE OF DEFENDANTS**

19.

Plaintiff incorporates as if re-alleged herein in full all paragraphs above.

20.

At all times pertinent herein, Defendants designed, owned, occupied, managed,
controlled, supervised, and/or otherwise maintained the Cinema and the premises/approaches at
issue in this case.

21.

At the time and place of the incident complained of herein, Defendants owed a non-
delegable duty to its customers, in general, and Plaintiff, in particular, to manage and maintain the
premises, including the area where Plaintiff fell, in a reasonably safe condition, to correct
dangerous conditions of which it knew or should have known, and to warn Plaintiff and others
of any dangerous condition which it had, or should have had, knowledge greater than that
of Plaintiff.

22.

At the time and place of the incident complained of herein, Defendants breached their
duties owed to Plaintiff, and was therefore negligent, by managing, and/or maintaining in
and around the area where Plaintiff fell in such a way that a dangerous condition existed that

was not readily ascertainable to customers, including Plaintiff, and further by failing
to adequately warn Plaintiff and others of the dangerous conditions that existed in the area where
Plaintiff fell on January 18, 2020.

23.

At the time and place of the incident complained of herein, Defendants
breached their duties owed to Plaintiff, and were therefore negligent, by failing to
ensure that the aisle in the area of the Cinema where Plaintiff fell was adequately safe
and failing to provide warnings and/or sufficient lighting to allow customers, including
Plaintiff, to discern the chair or obstruction present in the Cinema aisle on January 18, 2020.

24.

At the time and place of the incident complained of herein, Defendants breached its duties
owed to Plaintiff, and were therefore negligent, by failing to ensure that the aisle area where
Plaintiff fell was not obstructed such, or in the alternative, adequately lighted so that
customers, including Plaintiff, could discern, and safely navigate around the hazardous
conditions present in the Cinema on January 18, 2020.

25.

As a direct and proximate result of the tortious acts and/or omissions of Defendants
and/or employees and/or agents working within the course and scope of their
employment and/or agency for Defendants, Plaintiff suffered injuries and damages.

26.

Defendants are liable, directly and/or under the doctrine of respondeat superior or
vicarious liability, for all compensatory damages to Plaintiff resulting from the subject

incident or following from the injuries proximately suffered as a result of the subject
incident.

## COUNT TWO
## COMMON LAW NEGLIGENCE OF DEFENDANTS

27.

Plaintiff incorporates as if re-alleged herein in full all paragraphs above.

28.

At all times pertinent herein, Defendants managed, controlled, supervised,
and/or otherwise maintained the Regal Cinemas and the premises at issue and subject floor area
in this case. Specifically, Defendants managed, controlled, supervised, and/or
otherwise maintained the Regal Cinemas as of January 18, 2020.

29.

At the time and place of the incident complained of herein, Defendants
owed a duty to the Plaintiff to design, manage, and maintain the premises, including the area
where Plaintiff fell, in a reasonably safe condition, to correct dangerous conditions of which
they knew or should have known, and to warn Plaintiff and others of any dangerous condition
which they had, or should have had, knowledge greater than that of Plaintiff.

30.

At the time and place of the incident complained of herein, Defendants
breached their duties owed to Plaintiff, and were therefore negligent, by maintaining the floor
area where Plaintiff fell in such a way that a dangerous condition existed that was not

readily ascertainable to customers, including Plaintiff, and further by failing to adequately warn Plaintiff and others of the dangerous conditions that existed in the area where Plaintiff fell on June 28, 2019.

31.

At the time and place of the incident complained of herein, Defendants breached their duties owed to Plaintiff, and were therefore negligent, by failing to ensure that the floor area where Plaintiff fell was adequately safe and failing to provide warnings sufficient to allow customers, including Plaintiff, to discern of the wet conditions present on January 18, 2020.

32.

As a direct and proximate result of the tortious acts and/or omissions of Defendants , Plaintiff suffered injuries and damages.

33.

Defendants are liable, directly and/or under the doctrine of respondeat superior or vicarious liability, for all compensatory damages to Plaintiff resulting from the subject incident or following from the injuries proximately suffered as a result of the subject incident.

## COUNT THREE – VIOLATION OF O.C.G.A. § 51-3-1 BY DEFENDANTS

34.

Plaintiff incorporates as if re-alleged herein in full all paragraphs above.

35.

Defendants owed a duty to customers and invitees of Regal Cinemas, like Plaintiff, to exercise ordinary care in keeping their premises and approaches safe.

36.

Defendants' failure to exercise ordinary care in keeping their premises and approaches safe, as more fully described in the prior paragraphs of Plaintiff's Complaint, constitutes a violation of O.C.G.A. § 51-3-1.

37.

As a direct and proximate result of the tortious acts and/or omissions of Defendants and/or employees and/or agents working within the course and scope of their employment and/or agency for Defendants, and as a result of Defendants' violation of O.C.G.A. § 51-3-1, Plaintiff suffered injuries and damages.

38.

Accordingly, Defendants are liable for all compensatory damages to Plaintiff resulting from the subject incident or flowing from the injuries proximately suffered as a result of the subject incident.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a) That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

b) That Plaintiff have a trial by jury on all issues so triable;

c) That Plaintiff recovery for all her medical expenses for treatment related to her fall;

d) That Plaintiff recover for all components of the physical pain and suffering she has endured and will endure; for all components of the mental pain and suffering she has endured and will endure.

f)     That Plaintif have such other relief as allowed by law.

This 7th day of January, 2022.

/s/   Hank Crane
Hank Crane
Georgia Bar No. 193197
Attorney for Plaintiff

Crane Law Firm, P.C.
130 Remington Avenue
Thomasville, Georgia 31792

601 N. Belair Square, Suite 16
Evans, Georgia 30809
(706) 432-9840
(844) 214-0552 Fax

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00015**
**MONIQUE WALKER**
**JAN 07, 2022 12:03 PM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER   2022RCSC00015

Thomas, Patsey

_____

**PLAINTIFF**

                                        **VS.**

Regal Cinemas, Inc
Regal Entertainment Group

_____

**DEFENDANTS**


**SUMMONS**

TO: REGAL CINEMAS, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Hank Crane**
> **Crane Law Firm, P.C.**
> **130 Remington Avenue**
> **Thomasville, Georgia 31792**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of January, 2022.**

                    Clerk of State Court


                    Hattie Holmes Sullivan, Clerk
                    Richmond County, Georgia

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

🌐 **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00015**
**MONIQUE WALKER**
**JAN 07, 2022 12:03 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00015

Thomas, Patsey

_____

**PLAINTIFF**

**VS.**

Regal Cinemas, Inc
Regal Entertainment Group

_____

**DEFENDANTS**

**SUMMONS**

TO: REGAL ENTERTAINMENT GROUP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Hank Crane**
> **Crane Law Firm, P.C.**
> **130 Remington Avenue**
> **Thomasville, Georgia 31792**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of January, 2022.**

Clerk of State Court

*Hattie Holmes Sullivan*

_____

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of  Richmond          County

⚛ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00015**

MONIQUE WALKER

JAN 07, 2022 12:03 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

**For Clerk Use Only**

**Date Filed** 01-07-2022
     MM-DD-YYYY

**Case Number** 2022RCSC00015

**Plaintiff(s)**

Thomas, Patsey

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Defendant(s)**

Regal Cinemas, Inc

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

Regal Entertainment Group

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Plaintiff's Attorney** Crane, Hank          **Bar Number** 193197          **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                   **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

**IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA**

**Civil Action File No. 2022RCSC00015**

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00015**

**MONIQUE WALKER**

**JAN 07, 2022 12:03 PM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

|                                   |   |                          |
|----------------------------------:|---|--------------------------|
| **Thomas, Patsey**                | ) |                          |
| **Plaintiff**                     | ) |                          |
|                                   | ) |                          |
| **v.**                            | ) | **Judge: MONIQUE WALKER**|
|                                   | ) |                          |
| **Regal Cinemas, Inc**            | ) |                          |
| **Regal Entertainment Group**     | ) |                          |
| **Defendants**                    | ) |                          |

**AMENDED STANDING ORDER FOR MEDIATION IN CIVIL CASES**

  In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient and inexpensive resolution of disputes and prosecutions," and pursuant to the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, this **Amended Standing Order for Mediation in Civil Cases** is hereby entered.  As set forth herein, all contested civil matters filed in the State Court of Richmond County, **unless exempted** as set forth below, must be mediated in accordance with this Order.

**MEDIATION REQUIRED.**

  Mediation is a prerequisite to placement of a case on a trial calendar and should occur after all responsive pleadings have been filed and discovery has been completed.  Mediation shall be conducted in accordance with this Order and the rules of the Augusta Judicial Circuit (AJC) Alternative Dispute Resolution (ADR) Program.

The parties shall agree upon a mediator from the AJC roster of mediators registered by the Georgia Office of Dispute Resolution (http://godr.org/) who have been chosen for service in the AJC ADR Program.  A copy of the roster is available at the AJC ADR Program website at www.augustaga.gov/1438/ADR.  Should the parties fail to agree upon a mediator, the Court or the ADR Director will appoint one for them and may set the fee.  Should the parties desire to use a mediator not on the AJC ADR Program roster, they may **petition the Court** to utilize any mediator **provided he/she is registered with the Georgia Office of Dispute Resolution in the appropriate category.**    If approved, prior to mediation, Plaintiff shall notify the ADR Director in writing of the name of the mediator and the time and location of the mediation, and the mediator will be paid in accordance with the agreement with the mediator.

Parties shall contact the mediator directly and schedule the mediation.  The plaintiff's counsel shall provide the date of the mediation and the name of the mediator selected on the Notice of Mediation Status (Attachment A hereto) by email or U.S. Mail to the ADR Director **prior to the scheduled session.**  Unless otherwise agreed, the parties shall share the cost of the mediator equally and should be prepared to pay the mediator at the conclusion of the session.  Any party unable to afford the cost of mediation may submit a Request for Fee Waiver or Fee Reduction, available on the AJC ADR website, to the AJC ADR office.

The parties and their counsel shall negotiate in ***good faith*** to resolve all issues in the case with the mediator.  Within ***seven*** calendar days after mediation the parties shall notify the ADR Director whether mediation was successful by completing and submitting to the ADR Director a copy of the Attestation Form (Attachment B hereto).  In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

Compliance with this Order does not require the parties to reach a settlement. The mediator has no authority to compel settlement. Any settlement is entirely voluntary.

**APPEARANCE.**

The presence of parties at all mediation conferences is required unless the court excuses attendance for good cause shown. The requirement that a party appear at a mediation conference is satisfied if the following persons are physically present:

(a) The party and/or:

    (1) The party's representative who has:

        (i) Full authority to settle without further consultation; and

        (ii) A full understanding of the dispute and full knowledge of the facts;

    (2) A representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultation, except that telephone consultations with persons immediately available are permitted. Appearance of an insurance carrier's representative by telephone is permitted only if all parties agree.

**DISCRETIONARY EXEMPTIONS.**

Any party may petition the court to exempt the case from mediation by filing a Mediation Exemption Petition, a copy of which shall also be provided to the ADR Director. An exemption from mediation may be requested for the following reasons:

(1) The issue(s) to be considered has been previously mediated by a mediator registered with the Georgia Office of Dispute Resolution;

(2) The issue(s) presents a question of law only;

(3) Good cause shown before the judge to whom the case is assigned.

Any exemption shall be within the discretion of the court.

**MANDATORY EXEMPTIONS.**

The following shall be exempt from mediation except upon petition of all parties or upon *sua sponte* motion of the Court:

    (a)    Appeals from rulings of administrative agencies;

    (b)    Forfeitures of seized properties;

    (c)    Bond validations; and

    (d)    Declaratory relief.

**CONFIDENTIALITY AND PRIVILEGE.**

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations. All submissions provided to a registered mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law. Parties and neutrals acting in a court-annexed or court-referred ADR process are entitled to these confidentiality and immunity protections. (Supreme Court ADR Rule 6.1 and 6.2.) Non-registered mediators do not have the confidentiality or immunity protections provided by the Supreme Court of Georgia.

**ATTESTATION OF MEDIATION PARTICIPATION OR EXEMPTION.**

Prior to requesting a pretrial conference or trial date, the requesting party is directed to submit a file stamped copy of the Attestation Form filed with the Clerk of Court to the ADR Director. Failure to attest will result in continuance of the matter until compliance is demonstrated.

## EFFECTIVE DATE OF ORDER

This Order shall become effective January 25, 2018, and shall apply to all civil cases, including existing cases, except those exempted as described above.

**SO ORDERED** this _____ day of _____, 20____.


_____
Honorable David D. Watkins, Chief Judge
State Court of Richmond County, Georgia

**IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA**

**CIVIL ACTION FILE NO. _____**


_____,        )
           **PLAINTIFF,**         )
                            )
**VS.**                           )
                            )
_____,        )
           **DEFENDANT.**      )

**NOTICE OF MEDIATION STATUS**
**(Attachment A)**


☐    I do hereby confirm that the parties in the above-styled action have selected and

agreed to the following registered mediator:

         Mediator's Name:_____

         Date of Mediation:_____

☐    Parties request a mediator be assigned by the AJC ADR Program.

☐    Case Dismissed/Case Settled prior to mediation.

☐    Mediation exemption granted. (See copy attached.)


This _____ day of _____, 20_____.


                                _____
                                Plaintiff's Counsel

                                Printed Name: _____

**IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA**

**CIVIL ACTION FILE NO. _____**

| | |
|---|---|
| _____, | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| _____, | ) |
| **DEFENDANT.** | ) |

**ATTESTATION FORM**
**(Attachment B)**

I do hereby attest that the parties in the above-styled action have:

☐ **Attended Mediation:**

Date:_____

Mediator's Name:_____

Outcome:_____

☐ Case Dismissed/Case Settled prior to mediation.

☐ **Granted an Exemption** (See copy attached.)

This _____ day of _____, 20_____.

_____
Requesting Party's Signature

Printed Name: _____

Sworn to and subscribed before me,
this _____ day of _____, 20____.

_____
Notary Public
My Commission Expires:_____

7

EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00015**

MONIQUE WALKER
JAN 10, 2022 03:58 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY

STATE OF GEORGIA

PATSEY THOMAS                                    )
                                                 )
        Plaintiff,                               )        Civil Action File No. 2022RCSC00015
                                                 )
                                                 )
        v.                                       )
                                                 )
REGAL CINEMAS, INC. and                          )
REGAL ENTERTAINMENT GROUP,                       )
                                                 )
                                                 )
        Defendants.                              )

## PLAINTIFF'S MOTION FOR APPOINTMENT
## OF SPECIAL PROCESS SERVER

COMES NOW the above-referenced Plaintiff, pursuant to O.C.G.A. 9-11-4(c), to state

that service of process to Defendant Central Freight Lines, Inc. and Protective Insurance is

necessary and requests the appointment of the special process server, **Marc Perlson,** assigning

authority to serve process in this case to these Defendants.  The Affidavit of Process Server is

filed concurrently with this motion showing that the process server is a currently permanently

appointed in eight counties in North Georgia, is over the age of eighteen years of age, is a

citizen of the United States of America, and has no interest in this case, or relationship to any of

the parties, and is willing and able to serve process in this matter.

WHEREFORE, Plaintiff moves this court for an Order appointing **Marc Perlson** as

process server for any and all filed documents to these Defendants in this case.

Respectfully submitted this 10th day of January 2022.

Presented By:

/s/ Hank Crane
Hank Crane
Georgia Bar No. 193197
Attorney for Plaintiff

Crane Law Firm, P.C.
130 Remington Avenue
Thomasville, Georgia 31792
(229) 584-9355

601 N. Belair Square, Suite 16
Evans, Georgia 30809
(706) 432-9840
Facsimile (844) 214-0552
hank@thecranefirm.com
www.thecranefirm.com

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2022RCSC00015**
**MONIQUE WALKER**
**JAN 10, 2022 03:58 PM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| PATSEY THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. 2022RCSC00015 |
| | ) | |
| v. | ) | |
| | ) | |
| REGAL CINEMAS, INC. and | ) | |
| REGAL ENTERTAINMENT GROUP, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF SPECIAL PROCESS SERVER

COMES NOW, MARK PERLSON, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States of America, he is over the age of eighteen (18), he is not a convicted felon, he is not a party to this suit, he is not a relative to any party in this case, he is not the attorney for any party in this case, and he is wholly disinterested in this case. Additionally he shows that he is a Georgia Certified Process Server and is fully competent and willing to serve process in this case.

AFFIANT FURTHER SAYETH NOT.

This 10TH day January 2022

Marc Perlson
Perma Investigations & Polygraph
P.O. Box 1742
Roswell, Georgia 30077
(770) 664-8005

Sworn to and subscribed
Before me this 10th day
of January 2022.

01-24-2023

NOTARY PUBLIC   Commission Expiration Date

JULIE PERLSON
My Commission Expires
NOTARY PUBLIC
01-24-2023
FULTON COUNTY, GEORGIA

**⊜ EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00015**
**MONIQUE WALKER**
**JAN 20, 2022 02:24 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| PATSEY THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. 2022RCSC00015 |
| | ) | |
| v. | ) | |
| | ) | |
| REGAL CINEMAS, INC. and | ) | |
| REGAL ENTERTAINMENT GROUP, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF SPECIAL PROCESS SERVER

COMES NOW, MARK PERLSON, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States of America, he is over the age of eighteen (18), he is not a convicted felon, he is not a party to this suit, he is not a relative to any party in this case, he is not the attorney for any party in this case, and he is wholly disinterested in this case. Additionally he shows that he is a Georgia Certified Process Server and is fully competent and willing to serve process in this case.

AFFIANT FURTHER SAYETH NOT.

This *10TH* day January 2022

_____
Marc Perlson
Perma Investigations & Polygraph
P.O. Box 1742
Roswell, Georgia 30077
(770) 664-8005

Sworn to and subscribed
Before me this *10th* day
of January 2022.

*Julie Perlson*                    01-24-2023
NOTARY PUBLIC   Commission Expiration Date