IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PATSEY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-018 |
| | ) | |
| REGAL CINEMAS, INC., and | ) | |
| REGAL ENTERTAINMENT GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

As a result of Plaintiff Patsey Thomas tripping and falling over a partially reclined chair at a Regal Cinemas theater, she alleges Defendants are liable for her bodily injuries as a result of the fall, as well medical expenses and damages for her physical and mental pain and suffering and for loss of enjoyment of life. (See Compl., doc. no. 1-1.) Plaintiff filed this action in the State Court of Richmond County, and Defendant Regal Cinemas, Inc., filed a Notice of Removal on February 16, 2022, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, p. 4.) There is no specific amount of damages claimed in the complaint.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look

to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.  Further, the burden of proving the jurisdictional amount lies with the removing defendant.  Id.

Here, Plaintiff does not request a specific amount of damages in the complaint.  (See generally doc. no. 1-1.)  The basis for satisfaction of the amount in controversy is a sworn statement from Defendants' counsel simply declaring "there is more than $75,000 that is in controversy in this lawsuit" based on counsel's experience defending similar cases.  (Doc. no. 1-2.)  Thus, it is not facially apparent from the complaint that Plaintiff's claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later."  Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).  Accordingly, the Court **ORDERS** the removing Defendants to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

SO ORDERED this 21st day of March, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA